UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>MARK MICHAEL ODLE,<br><br>     Defendant. | CR. 13-50075-01-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Mark Michael Odle, appearing *pro se*, filed a motion for compassionate release.  (Docket 218).  Pursuant to the May 1, 2020, Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD"), the United States Attorney for the District of South Dakota, and Mr. Odle filed records, submissions and briefing on his motion. (Dockets 220 & 221-22).  For the reasons stated below, defendant's motion is denied.

**AMENDED STANDING ORDER 20-06**

Amended Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of

---

[1]See https://www.sdd.uscourts.gov/socraa.

the COVID-19 virus into the federal prison system." (SO 20-06 at p. 1). By the amended standing order, the FPD and the United States Attorney for the District of South Dakota are "to place [the defendant] into one of four categories[.]" Id. ¶ 4. Those categories are:

a. High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § 1.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

b. Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

c. Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

d. Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id. The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office." Id.

## MR. ODLE'S CLASSIFICATION

On July 9, 2020, the FPD and the U.S. Attorney filed a notice designating Mr. Odle as a Low Priority case. (Docket 219).

## FACTUAL BACKGROUND

Mr. Odle pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A). (Dockets 120 & 131). On July 30, 2014, Mr. Odle was sentenced to a term of imprisonment of 151

2

months followed by five years of supervised release.   (Docket 156 at pp. 2-3).  Based on a presentence investigation report[2] ("PSR") and findings made during the sentencing hearing, Mr. Odle's advisory guideline range was 151 to 188 months imprisonment based on a total offense level of 34 and a criminal history category I.   (Docket 169 at pp. 6-9).   The court sentenced Mr. Odle to the low end of the guideline range.

Mr. Odle is currently an inmate at FPC Yankton, a minimum security prison camp, in Yankton, South Dakota.   (Docket 218 at p. 1); Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked Apr. 22, 2021).   The total inmate population at FPC Yankton is currently 313 persons. https://www.bop.gov.locations/institutions/yan/ (last checked Apr. 22, 2021). As of April 22, 2021, there were no active COVID-19 cases among inmates or staff.   https:www.bop.gov/coronavirus/ (last checked Apr. 22, 2021).   There have been no deaths as a result of COVID-19 and 141 inmates and 17 staff had recovered from COVID-19 at FPC Yankton.   Id.

Mr. Odle has a scheduled release date of June 30, 2024.   (Docket 220 at p. 268).   Mr. Odle served over 65 percent of his statutory sentence and under his current Bureau of Prisons ("BOP") status he is eligible for home detention on December 30, 2021.   Id. at 268-69.   Mr. Odle is 34 years old.   Id. at 267; see also https://www.bop.gov/inmateloc/.

---

[2]The PSR is not on file in CM/ECF.   A transcript of the sentencing hearing containing a recitation of the report is available at Docket 169.

3

## MR. ODLE'S MOTION

Mr. Odle's *pro se* motion seeks compassionate release on the basis of extraordinary and compelling reasons in light of his confinement during the COVID-19 pandemic. (Docket 218 at pp. 1-3). Mr. Odle asserts he is at greater risk of severe illness because he has a body mass index ("BMI") over 31. Id. at 1. Mr. Odle urges the court to recognize his many educational achievements while in custody over the past seven years including obtaining his GED, completing drug education classes and achieving two associate degrees from Mount Marty College. Id. He asserts his 11-year-old daughter needs him as does his mother. Id. at 2. If released, Mr. Odle plans to live with his mother in Rapid City, South Dakota, and believes he will easily obtain employment because of his degrees. Id. On July 20, 2020, the FPD docketed a notice of intent not to supplement Mr. Odle's *pro se* motion.

Mr. Odle raises his BMI as a concern and filed a sworn declaration stating he is 6'1" tall and weighs "over 232 pounds." (Docket 222 at p. 8). Based on his height and weight, Mr. Odle has a BMI of 30.6, which is just slightly over the category for obese which starts at 30.0. See Adult BMI Calculator, Ctr. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last checked Feb. 17, 2021). The court has undertaken an independent review of Mr. Odle's medical records, which confirm conditions of

myopia, astigmatism and multiple bouts with skin infections.  (Docket 220 at p. 24).  He is not currently taking any medications.

## UNITED STATES' OPPOSITION

The government opposes Mr. Odle's motion for compassionate release. (Docket 221).  The government argues Mr. Odle does not meet any of the categories supporting compassionate release as outlined in U.S.S.G. § 1B1.13., Application Note 1(A)-(D).  Id. at pp. 4-6.  The government asserts "[a] defendant [who] cannot demonstrate that he has a medical condition that puts him at risk for COVID-19 cannot demonstrate 'extraordinary and compelling' circumstances."  Id. at p. 6.  As to Mr. Odle's BMI, the government argues his medical records do not provide enough information to confirm a condition of obesity.  Id. at p. 10.  The government generally asserts "[t]he existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not by itself . . . provide a basis for a sentence reduction."  Id. at p. 7.  The government additionally reminds the court of the measures implemented by the BOP to modify its operations plan to address the pandemic.  Id. at pp. 7-9.

Finally, the government argues the 18 U.S.C. § 3553(a) factors weigh against granting Mr. Odle compassionate release.  Id. at pp. 13-14.  According to the government, Mr. Odle failed to demonstrate that he is not a danger to the safety of the community.  Id. at p. 13.  The government contends Mr. Odle

has not served enough of his sentence and early release would not be in keeping with the sentence imposed by the court.  Id. at pp. 13-14.

In reply, Mr. Odle argues the court is not limited to the circumstances outlined in U.S.S.G. § 1B1.13, Application Note 1(A)-(D) when considering compassionate release motions.  (Docket 222 at pp. 1-2).  He contends the BOP's measures to control the spread of COVID-19 have failed.  Id. at pp. 2-3. Mr. Odle asserts his BMI of 31 combined with the risks posed by the COVID-19 pandemic create extraordinary and compelling reasons warranting his release. Id. at pp. 3-4.  Mr. Odle states his extensive education and rehabilitation in custody demonstrate he is a good candidate for release and not a danger to the community.  Id. at pp. 5-6.

## ANALYSIS

### Administrative Exhaustion

Section 3582(c) permits the district court to consider a prisoner's request for compassionate release after he exhausts the administrative remedies mandated by the statute.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Odle made a request to the warden for compassionate release that was denied on May 5, 2020.  (Docket 274 at pp. 274-75).  The government does not contest administrative exhaustion; therefore, the court will address the motion on its merits.

**Extraordinary and Compelling Reasons**

"Section 3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release." United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). That task was left to the United States Sentencing Commission. See 28 U.S.C. § 994(t). Prior to the First Step Act, the Sentencing Commission established four categories for "extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." See id. Those categories generally focus on the defendant's age, medical condition, family situation and any other reasons the BOP deems to be extraordinary and compelling. U.S.S.G. § 1B1.13 comment. n.1. The four categories have not been updated since December 2018 when the First Step Act became law.[3]

The court previously surveyed the status of the law as to a court's authority under the First Step Act. E.g., United States v. Thunder Hawk, CR. 14-50008, 2021 WL 253456, at *5 (D.S.D. Jan. 26, 2021); United States v. Magnuson, CR. 15-50095, 2020 WL 7318109, at *4-5 (D.S.D. Dec. 11, 2020); United States v. King, CR. 15-50050, 2020 WL 6146446, at *4-5 (D.S.D. Oct. 20, 2020). A summary of that survey is sufficient here.

---

[3]The United States Sentencing Commission lacks a quorum and "currently has only two voting members, two short of the four it needs to amend the [U.S.S.G.]." United States v. Marks, 455 F. Supp. 3d 17, 24 (W.D.N.Y. 2020) (references omitted).

This court has held it retains its independent authority "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release."[4]  E.g., Magnuson, 2020 WL 7318109, at *5  (quoting United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020)); see also McCoy, 981 F.3d at 283 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) ("In cases where incarcerated persons file motions for compassionate release, federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); and United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second Circuit that the Guidelines Manual "does not curtail a district judge's discretion").

The purpose of the First Step Act was to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the

---

[4]The United States Court of Appeals for the Eighth Circuit had several opportunities to address this issue but declined to do so.  United States v. Vangh, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021); United States v. Loggins, Jr., 966 F.3d 891 (8th Cir. 2020) and United States v. Rodd, 966 F.3d 740 (8th Cir. 2020).

8

Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.  Despite the expanded authority under the First Step Act, the court finds Mr. Odle has not met his burden of proof by presenting "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

Mr. Odle relies on his BMI combined with the conditions of his incarceration during the COVID-19 pandemic and his extensive educational pursuits and rehabilitation as extraordinary and compelling reasons warranting compassionate release.  See generally Dockets 218 & 222.  The court commends Mr. Odle for the productive and diligent use of his time in custody to develop knowledge and skills to improve himself.

Adults of any age are at increased risk of severe illness from COVID-19 if they have certain conditions.  Recently, the CDC updated its understanding of the health conditions increasing the risk from COVID-19.  See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated Mar. 29, 2021).  The CDC now states individuals with the following conditions *can* be more likely to become severely ill from COVID-19: cancer, chronic kidney disease at any stage, chronic lung diseases (including moderate to severe asthma, chronic obstructive pulmonary disease ("COPD"), cystic fibrosis and pulmonary hypertension), dementia or other neurological conditions, diabetes (type 1 or type 2), heart conditions (such as heart failure, coronary artery

disease, cardiomyopathies or hypertension), HIV infection, immunocompromised state, liver disease, overweight and obesity, being a current or former smoker, history of stroke or cerebrovascular disease, substance abuse disorders and several others.  Id.

Mr. Odle falls in the obese category with a BMI of 30.6, but this is just slightly over the threshold and Mr. Odle has no other risk increasing medical conditions.  If Mr. Odle lost only five pounds, his BMI would be under 30.0. See https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_ bmi_calculator/bmi_calculator.html (last checked Feb. 17, 2021).

The court cannot conclude Mr. Odle's slight obesity alone or in combination with the other factors raised by him is an extraordinary and compelling reason to warrant compassionate release.[5]  The court finds Mr. Odle has not met his burden of proof and presented "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

---

[5] Several courts, including courts in the District of South Dakota, have concluded that obesity on its own during the COVID-19 pandemic does not necessarily warrant a reduction in sentence for extraordinary and compelling reasons.  See United States v. Williams, CRIMINAL ACTION No. 15-571-3, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020); United States v. McAbee, CR. 14-40027, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020) (finding defendant with asthma and a BMI of 30.8 or 31.7 did not establish extraordinary and compelling reasons); United States v. Saenz, CR. 10-30027-01, 2020 WL 4347273, at *5 (D.S.D. July 29, 2020) (finding defendant with other medical conditions and a BMI between 40 and 44.9 did not establish extraordinary and compelling reasons).

The court also recognizes the BOP's recent implementation of a COVID-19 vaccination program.  BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last checked Apr. 21, 2021).  As of April 21, 2021, a total of 137,845 doses have been administered systemwide, and the number continues to rise.  Id.  At FPC Yankton 78 staff and 62 inmates were fully inoculated as of April 22, 2021.  Id.  According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff–who come and go between the facility and the community–present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

Id.

### 3553(a) Factors

The court concludes the § 3553(a) factors do not support relief.  These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant, among others.  18 U.S.C. § 3553(a)(1)-(7).  A detailed analysis of these factors is unnecessary.

Mr. Odle was sentenced to the low end of the advisory guideline range of 151 to 188 months.  As discussed at his sentencing hearing, Mr. Odle was a leader and organizer in the drug trafficking activity and the court noted his role

11

was more serious than many others. (Docket 169 at p. 23). The court considered that firearms were present on a number of occasions and, in fact, a loaded pistol was retrieved from the vehicle Mr. Odle was in at the time of his arrest. Id. The other factors considered by the court at sentencing are still relevant today. See id. at pp. 24-28. The court's sentence was chosen with care to reflect the seriousness of Mr. Odle's offense, provide appropriate punishment and to protect the public from further offenses by the defendant. See id. To his credit, Mr. Odle appears to be on the right path and sincerely devoted to turning his life around during this time in custody.

## ORDER

No good cause having been proven, it is

ORDERED that defendant's motion for compassionate release (Docket 218) is denied.

Dated May 6, 2021.

                                            BY THE COURT:

                                            /s/ *Jeffrey L. Viken*
                                            JEFFREY L. VIKEN
                                            UNITED STATES DISTRICT JUDGE